UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JINHUI ZHONG,

                Plaintiff,

     v.

MICHAEL MUKASEY, *et al.*,

                Defendants.

No. C07-1468RSL

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT,
GRANTING MOTION TO REMAND
TO USCIS, AND REMANDING CASE

## I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment filed by plaintiff Jinhui Zhong, a Chinese citizen, who seeks an order granting her pending naturalization application. In the alternative, she requests a hearing before the Court on her application. Defendants subsequently moved to remand the case to United States Citizenship and Immigration Services ("USCIS") for adjudication of the application within sixty days.

For the reasons set forth below, the Court denies plaintiff's motion, grants defendants' motion, and remands the case.

## II. DISCUSSION

**A.  Background Facts.**

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT
AND REMANDING CASE - 1

Plaintiff has been a lawful permanent resident of the United States since April 2001, when she adjusted her status through her husband, who is a U.S. citizen.  By June 2004, USCIS had taken Ms. Zhong's biometrics, submitted her fingerprints and photograph to the F.B.I. for a criminal history background check, and conducted Ms. Zhong's naturalization interview.  Defendants state that they were unable to adjudicate her application at that time because her background checks were not yet complete.  In August 2007, in response to an inquiry, USCIS confirmed that Ms. Zhong's file had been transferred to the Seattle office, but stated that the F.B.I. name check had not been completed.

Plaintiff filed her complaint with this Court on September 19, 2007 for a writ of mandamus and declaratory relief.  On October 12, 2007, the Court ordered defendants to show cause within 60 days why the Court should not grant plaintiff's application for naturalization by the authority of the Immigration and Nationality Act, which confers jurisdiction to this Court to compel agency action on a naturalization application or make a ruling on the merits "[i]f there is a failure to make a determination . . . before the end of the 120-day period after the date on which the examination is conducted[.]"  8 U.S.C. § 1447(b).

Defendants state that plaintiff's name check is now complete.  However, in order to adjudicate her application, USCIS must first conduct a new fingerprint check because, pursuant to USCIS policy, an applicant must have current fingerprint check results on file in order to complete an application.  Defendants scheduled an appointment for plaintiff to provide new fingerprints on November 29, 2007.  Plaintiff did not attend the appointment because the Court has exclusive jurisdiction over her application.

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT
AND REMANDING CASE - 2                          -2-

**B.     Summary Judgment Standard.**

On a motion for summary judgment, the Court must "view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004).  All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party.  See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987). Once a plaintiff files a petition for a naturalization hearing under 8 U.S.C. § 1447(b), the district court assumes exclusive jurisdiction over the naturalization application.  United States v. Hovsepian, 359 F.3d 1144, 1159 (9th Cir. 2004).  Accordingly, even though USCIS is prepared to adjudicate the application, it cannot do so while this matter is pending before the Court.

**C.     Analysis.**

The Court must determine whether to grant plaintiff's motion, conduct a hearing, or remand the matter as defendants request.  Plaintiff argues that she is now eligible to naturalize and has been since her June 2004 interview.  She notes that defendants have not presented any evidence to show that she is ineligible.  However, USCIS policy requires that the fingerprint check must be less than fifteen months old at the time the agency adjudicates the application. The Court will not second guess the propriety of that policy under these circumstances.

Plaintiff notes that she has been waiting for a decision from the agency for over three years since her interview.  The Court is sympathetic regarding the delays plaintiff has faced.

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT
AND REMANDING CASE - 3                      -3-

However, the agency is prepared to adjudicate the matter within sixty days of remand. The statute expressly provides that courts can remand to the agency to "determine the matter." 8 U.S.C. § 1447(b). Most importantly, the agency is in the best position to render a decision on plaintiff's application because it is the designated agency responsible for determining the issuance of immigration benefits. A remand would serve the interests of judicial economy.

### III.  CONCLUSION

For all of the foregoing reasons, the Court DENIES without prejudice plaintiff's motion for summary judgment (Dkt. #5), GRANTS defendants' motion to remand (Dkt. #7), REMANDS this case to USCIS for adjudication of plaintiff's naturalization application within sixty days after she provides her fingerprints to the agency, and DISMISSES this action without prejudice. In light of the delay, the agency must waive any fingerprinting fee.

DATED this 11th day of January, 2008.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT
AND REMANDING CASE - 4                -4-